UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19cv62603

ABDEL ZAHRIYEH,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff ABDEL ZAHRIYEH ("Plaintiff") sues Defendant DYNAMIC RECOVERY SOLUTIONS LLC ("Defendant") for violations of 15 U.S.C §1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant is a South Carolina corporation, with its principal place of business located in 135 Interstate Blvd Suite 6 Greenville, SC 29615.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

10. The Consumer Debt is an obligation to pay money arising from a transaction between a natural person (the "Debtor") and creditor of the Consumer Debt for the creditor's provision of products and/or services to the Debtor (the "Subject Service").

11. The Subject Service was primarily for personal, family, or household purposes.

12. Plaintiff is not the Debtor.

13. Plaintiff neither had, nor has, any obligation to pay the Consumer Debt.

14. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

15. Defendant is a business entity engaged in the business of collecting consumer debts.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

17. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18. Defendant's "Consumer Collection Agency" license number is CCA9901452.

19. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

21. On a date better known by Defendant, Defendant began calling Plaintiff in an attempt to collect the Consumer Debt.

22. On a date better known by Defendant, when Defendant first called Plaintiff (the "First Call"), Plaintiff informed Defendant that, among other things, Plaintiff was not the Debtor, that Plaintiff did not know who the Debtor was, and to stop calling Plaintiff.

23. Despite Plaintiff telling Defendant that Plaintiff was not the Debtor, that Plaintiff did not know who the Debtor was, and to stop calling Plaintiff during the First Call, Defendant continued to call Plaintiff in an attempt to collect the Consumer Debt.

24. Defendant called Plaintiff, at minimum, five (5) times in an attempt to collect the Consumer Debt.

25. Each and every time Defendant called Plaintiff and Plaintiff answered Defendant's phone call, Plaintiff told Defendant that Plaintiff was not the Debtor and to stop calling Plaintiff.

26. Defendant's calls to Plaintiff originated from, including but not limited to, the phone numbers 239-268-3141 and 239-268-3171.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

27. Despite Plaintiff communicating to Defendant during Defendant's First Call that no one named Norma lived at Plaintiff's residence, as well as requesting that Defendant to stop calling Plaintiff, Defendant continues to call the Plaintiff requesting to speak to Norma.

28. After the First Call, at minimum: [1] Defendant knew or should have known that Plaintiff is not the Debtor; [2] Defendant knew or should have known that Plaintiff did not know the Debtor; and [3] Defendant knew that Plaintiff told Defendant to stop calling. Defendant, however, continued to call Plaintiff.

29. Each call Defendant placed to Plaintiff was communication from Defendant to Plaintiff in connection with the collection of a debt.

30. Each call Defendant placed to Plaintiff was communication from Defendant to Plaintiff was an attempt to collect a debt.

### COUNT I.
### VIOLATION OF 15 U.S.C. § 1692c(b)

31. Plaintiff incorporates by reference paragraphs 1-30 of this Complaint as though fully stated herein.

32. Section 1692c(b) of the FDCPA provides that, "*[e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt … a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*" 15 U.S.C. 1692c(b) (emphasis added).

33. As stated above, Defendant first called Plaintiff in an attempt to collect the Consumer Debt on date better known by Defendant. During the First Call, Plaintiff informed Defendant that [1] Plaintiff was not the Debtor; [2] that Plaintiff did not know the Debtor; and [3]

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to stop calling. Defendant, however, proceeded to call Plaintiff multiple times after the First Call in an attempt to collect the Consumer Debt. Each time Defendant called Plaintiff, Plaintiff informed Defendant to, among other things, *stop* calling.

34. Here, Defendant did not have the Debtor's prior consent to communicate with Plaintiff in connection with the collection of the Consumer Debt, nor did Defendant have Plaintiff's prior consent to communicate with Plaintiff in connection with the collection of the Consumer Debt.

35. Accordingly, Defendant violated § 1692c(b) of the FDCPA by calling Plaintiff, subsequent to the First Call, *e.g.,* on October 14, 2019, in connection with or otherwise in an attempt to collect the Consumer Debt.

*COUNT II.*
**VIOLATION OF 15 U.S.C. § 1692b(3)**

36. Plaintiff incorporates by reference paragraphs 1-30 of this Complaint as though fully stated herein.

37. Pursuant to § 1692b of the FDCPA, **any debt collector** communicating with **any person** other than the consumer for the purpose of acquiring location information about the consumer shall "not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." 15 U.S.C. § 1692b(3) (emphasis added).

38. As stated above, during the First Call, Plaintiff told Defendant [1] that Plaintiff was not the Debtor; [2] that Plaintiff did not know the Debtor; and [3] **to stop calling**. Defendant, however, proceeded to call Plaintiff multiple times after the First Call in connection with the collection on the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

39. Accordingly, Defendant violated § 1692b(3) of the FDCPA by calling Plaintiff more than once in connection with or otherwise in an attempt to collect the Consumer Debt.

### COUNT III.
### VIOLATION OF 15 U.S.C. § 1692d

40. Plaintiff incorporates by reference paragraphs 1-30 of this Complaint as though fully stated herein.

41. Section 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

42. As stated above, at minimum, subsequent to the First Call, Defendant knew that Plaintiff was not the Debtor, that Plaintiff did not know who the Debtor was, and that Plaintiff explicitly asked Defendant to *stop* calling. Defendant, however, continued to call Plaintiff in connection with the collection of the Consumer Debt.

43. Accordingly, Defendant violated § 1692d of the FDCPA because Defendant continued to call Plaintiff subsequent to the First Call and the natural consequence of Defendant's decision to continue calling Plaintiff, especially after Plaintiff explicitly asked Defendant to stop calling Plaintiff during the First Call, was harassing, oppressive, and/or abusive to Plaintiff.

### COUNT IV.
### VIOLATION OF FLA. STAT. § 559.72(5)

44. Plaintiff incorporates by reference paragraphs 1-30 of this Complaint as though fully stated herein.

45. Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*Disclose to a person **other than the debtor** or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that*

*the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

46.	As stated above, Defendant knew that Plaintiff was not the Debtor, at minimum, subsequent to the First Call; however, Defendant continued to call Plaintiff in an attempt to collect the Consumer Debt owed by the Debtor.

47.	At minimum, subsequent to the First Call, Defendant had knowledge or reason to know that Plaintiff did not have any legitimate business need for any information relating to Consumer Debt. Yet, Defendant continued to call Plaintiff, and in so doing, Defendant disclosed to Plaintiff information affecting the Debtor's reputation, namely, the existence of an unpaid debt. Accordingly, by calling Plaintiff and disclosing the existence of an unpaid debt owed by the Debtor, namely, the Consumer Debt, Defendant violated § 559.72(5) of the FCCPA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** Statutory damages as provided by 15 U.S.C. §1692k; **[2]** Statutory damages as provided under Fla. Stat. §559.77(2); **[3]** An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[4]** Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and **[5]** Any other relief that this Court deems appropriate and just under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: October 20, 2019

                                       Respectfully Submitted,

                                       /s/ Jibrael S. Hindi
                                       **JIBRAEL S. HINDI, ESQ.**
                                       Florida Bar No.: 118259
                                       E-mail:    jibrael@jibraellaw.com
                                       **THOMAS J. PATTI, ESQ.**
                                       Florida Bar No.: 118377
                                       E-mail:    tom@jibraellaw.com
                                       The Law Offices of Jibrael S. Hindi
                                       110 SE 6th Street, Suite 1744
                                       Fort Lauderdale, Florida 33301
                                       Phone:      954-907-1136
                                       Fax:          855-529-9540

                                       *COUNSEL FOR PLAINTIFF*

PAGE | **8** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com